## FIRST COMMONWEALTH CORPORATION

v.

## HIBERNIA NATIONAL BANK OF NEW ORLEANS.

### Civ. A. No. 91–2743.

United States District Court, E.D. Louisiana.

Nov. 2, 1994.

John C. Combe, Jr., Warren M. Schultz, Jr., M. Richard Schroeder, and T. Michael Twomey, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for First Commonwealth Corp.

Robert Stephen Rooth, Corinne Ann Morrison, James Calvin Young, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, LA, and John F. Weeks, II, Usry & Weeks, Metairie, LA, for Hibernia Nat. Bank of New Orleans.

Robert G. Stassi, Chehardy, Sherman, Ellis, Breslin & Murray, Metairie, LA, and Frank Gerald DeSalvo, New Orleans, LA, for Leonard H. Aucoin and W. Joel Herron.

Richard Terrell Simmons, Jr., and Kurt D. Engelhardt, Hailey, McNamara, Hall, Larmann & Papale, Metairie, LA, for Dennis J. LaFont.

Laurence D. Rudman and Pierre V. Miller, II, Kiefer & Rudman, APLC, Metairie, LA, for Jerry F. Palmer.

Jerry F. Palmer, pro se.

## MEMORANDUM AND ORDER

SEAR, District Judge.

*Background*

This action was filed by plaintiff First Commonwealth Corporation ("FCC") alleging that defendant, the Hibernia National Bank of New Orleans ("Hibernia"), breached the terms of a custodian agreement. The contract called for approximately nine million dollars pledged as collateral for a loan made by FCC to Insurance Premium Assistance Company ("IPAC") to be placed in Hibernia's care. Plaintiff claims that it was injured when the value of this collateral fell to approximately one million dollars due to defendant's negligence.

Hibernia moved for summary judgment, alleging that any damages FCC suffered were not directly related to the IPAC loan, but rather were the result of other financial transactions between FCC and Public Investors, Inc. ("PII"), an affiliate of IPAC. Hibernia's defense rests upon the claim that any loss caused directly by the depreciation of the collateral securing the IPAC loan was "set off" by FCC's cancellation of a debt it owed PII. Defendant asserts that damages relating to other transactions were unforeseeable, and therefore not recoverable. In an Order issued on July 21, 1994 the complex financial transactions between FCC and PII were fully described and analyzed,[1] and Hibernia's motion for summary judgment was denied, 860 F.Supp. 1145.

Hibernia now moves for reconsideration of the denial of summary judgment. Hibernia asserted in their first motion that they had no knowledge of any financial relationships between FCC and PII or their affiliates other than the IPAC loan, and that they never received any documentation describing these relationships. They now supplement these assertions with affidavits and deposition testimony that provide that Hibernia had no actual or constructive knowledge of these other financial relationships.

*Analysis*

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment

---

1. *See* Order of July 21, 1994, pages 1–4. It is unnecessary to repeat this lengthy discussion.

should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The requirement is that "there be no genuine issue of material fact". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A fact is "material" if proof of its existence or non-existence would affect the outcome of the lawsuit under the law applicable to the case. *Id.* at 248, 106 S.Ct. at 2510. An issue of material fact is "genuine" if the evidence is such that a reasonable jury might return a verdict for the non-moving party. *Id.* at 257, 106 S.Ct. at 2514–15.

At issue is whether Hibernia can be held responsible for any of the damages allegedly suffered by FCC. Pursuant to Louisiana law, Hibernia is liable for damages caused by a breach that was foreseeable at the time the custodian agreement was signed. La.Civ. Code arts. 1994, 1996. The resolution of this issue requires various factual determinations including, but not limited to, whether PII was indebted to FCC in amounts separate from the IPAC loan, whether FCC would have benefitted if the collateral had been preserved, and whether a reasonable custodian would know that a depreciation in collateral for a loan could cause the lender harm equal to the amount of depreciation. These factual determinations must be left to the jury.

Accordingly,

Defendant's motion for reconsideration of denial of summary judgment is DENIED.